UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN BALDERRAMA-CRUZ, | ) | CASE NO.: 4:26-cv-01080 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN RAYCRAFT, Field Office | ) | **AMENDED ORDER** |
| Director of Enforcement and Removal | ) | |
| Operations, Detroit Field Office, | ) | |
| Immigration and Customs | ) | |
| Enforcement, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Before the Court is Plaintiff Juan Balderrama-Cruz's Amended Petition for Writ of

Habeas Corpus and Complaint for Declaratory and Injunctive Relief and Emergency

Hospitalization Request.[1]  (Doc. 4.)  Also before the Court is Plaintiff's request for Temporary

Restraining Order.  (Doc. 2.)  Respondents are Kevin Raycraft,[2] Director of Detroit Field Office

for United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the

United States Department of Homeland Security; CoreCivic; Douglas Fender, Warden; Aaron

Husband, Deportation Officer for United States Immigration and Customs Enforcement; Todd

Lyons, Director of United States Immigration and Customs Enforcement; and Marcos Charles,

Acting Executive Associate Director, Enforcement and Removal Operations.

On May 11, 2026, the Court held a telephonic temporary restraining order hearing.  For

the reasons stated on the record, the Court determined Plaintiff demonstrated by a clear showing

---

[1] As stated on the record at the May 11, 2026 hearing, the Court construes the Complaint to state a claim under 42 U.S.C. § 1983.

[2] The Field Office Director for ICE which covers Cleveland is currently Kevin Raycraft. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kevin Raycraft is substituted for Robert Lynch.  Fed. R. Civ. P. 25(d).

that he is likely to succeed on a deliberate indifference claim for refusal to provide proper medical care, including a diabetic-friendly, low-glycemic diet.  The Court found Plaintiff would suffer irreparable harm because the medical record provided demonstrated a significantly worsening medical condition which could lead to loss of limb, sepsis, and/or loss of life.  The Court also found there is no harm to others.  Lastly, the Court found the public interest favors detained individuals receiving medical care as suggested by treating physicians.

The request for a temporary restraining order is GRANTED, and IT IS ORDERED:

Respondents are ENJOINED from denying Plaintiff a diabetic-friendly, low-glycemic diet.  Plaintiff must be seen by a physician before **7:00 p.m. EST on May 11, 2026**.  If an in-facility physician is unable to see Plaintiff by that time, Respondents must transport Plaintiff to a facility to be seen by a physician.  Before Petitioner can travel, the treating physician must determine it is safe for him to do so.

Respondents shall file a status report by **May 14, 2026, Thursday at 5:00 p.m. EST** to update the Court on Plaintiff's condition and detention.  If necessary, the Court will schedule a preliminary injunction hearing to occur within 14 days from this Order.

**IT IS SO ORDERED.**

Date:  May 12, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE